IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWARD LYNN MOSKOP,

Petitioner,

v.                                    Civil Case No. 14-cv-502-DRH
                                      Criminal Case No. 11-cr-30077-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner Edward Lynn Moskop's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, petitioner's motion is summarily **DENIED** as **untimely.**

Petitioner was convicted of mail fraud and money laundering and sentenced to 240 months' imprisonment. Final Judgment was entered by this Court on December 16, 2011. On direct appeal, petitioner asserted that this Court failed to address petitioner's arguments in mitigation in imposing an above range sentence, and consequently, imposed an unreasonable prison sentence. On January 8, 2013, the Seventh Circuit affirmed this Court's judgment. *See United States v. Moskop*, 499 F.App'x 592 (7th Cir. 2013). Petitioner did not file a petition for a

writ of certiorari. On April 24, 2014, petitioner filed the instant Section 2255 motion raising various claims of ineffective assistance of counsel.[1]

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the Court must give initial consideration to petitioner's claims. Rule 4 provides that if it plainly appears from the motion, any attached exhibits and records of prior proceedings that the moving party is not entitled to relief, the judge must summarily dismiss the motion and direct the clerk to notify the moving party.

A motion by a federal prisoner for postconviction relief pursuant to Section 2255 is subject to a one-year time limitation that runs generally from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255 ¶ 6(1). "[F]or federal criminal defendants who do not file a petition for certiorari with [the Supreme] Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." *Clay v. United States*, 537 U.S. 522, 525, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). *See* Supreme Court Rule 13 ("a petition for writ of certiorari to review a judgment in any case, civil or criminal, . . . , is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

In the instant case, petitioner's judgment was entered on December 16, 2011. On January 8, 2013, the judgment was affirmed on direct appeal. Petitioner did not file a petition for certiorari with the United States Supreme Court. His judgment therefore became final on April 8, 2013. One year from that

---

[1] While the docket sheet reflects that the motion was filed on April 30, 2014, the Seventh Circuit recognizes the so-called "prison mailbox" rule, therefore the Court will use April 24, 2014, the date on the motion, as the filing date. *See Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999).

date is April 8, 2014. However, petitioner filed his Section 2255 motion more than two weeks late, on April 24, 2014. Furthermore, nothing in his motion or attached exhibits indicate any extraordinary circumstance that prevented his timely filing sufficient to warrant equitable tolling of this period. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). Accordingly, petitioner's Section 2255 motion is **DENIED.**

Finally, under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack, 529 U.S. at 485. The Court finds that reasonable jurists would not find it debatable that the instant petition was not timely filed. Thus, petitioner's motion is **DENIED**, his claims are **DISMISSED WITH PREJUDICE**, and the Court shall not issue a certificate of appealability. The Clerk is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 1st day of May, 2014.

Digitally signed by David R. Herndon
Date: 2014.05.01 15:24:49 -05'00'

**Chief Judge**
**United States District Court**